**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

F.D. CONSEILLANT,

                          Plaintiff,

          - v -                                       Civ. No. 9:09-CV-906
                                                                  (FJS/RFT)

M.J. LIRA, *et al.*

                          Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

F.D. CONSEILLANT
Plaintiff, *Pro Se*
98-A-2204
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO                      RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12207

**RANDOLPH F. TREECE**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

      *Pro se* Plaintiff F.D. Conseillant initiated this civil rights action, pursuant to 42 U.S.C. § 1983, on August 7, 2009, with the filing of his Complaint. Dkt. No. 1, Compl. Simultaneously, Plaintiff submitted a Motion for Leave to Proceed *in Forma Pauperis* (IFP), Dkt. No. 2, which was granted by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, Dkt. No. 4. Presently before the Court is Defendants' Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, in the alternative, pursuant to 28 U.S.C. § 1915(g),

due to Plaintiff's accumulation of three or more strikes. Dkt. No. 12. Plaintiff has filed a Response and Supplemental Response to the Motion. Dkt. Nos. 13-14.

For the reasons that follow, it is recommended that the Defendants' Motion be **granted**.

## I. DISCUSSION

### A. Background

At the time this case originated, Judge Scullin performed an initial review of the adequacy of Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 4. Judge Scullin noted that, of the twenty-nine named Defendants, only five Defendants are actually imputed with some personal involvement. *Id*. at pp. 4-5. Thus, twenty-four Defendants were dismissed from the action without prejudice. Given his *pro se* status, Plaintiff was granted an opportunity to amend his Complaint in order to assert claims against such Defendants, otherwise, the case was directed to go forward against the five remaining Defendants, C.O. Smith, C.O. Gokey, C.O. Compo, C.O. Ashlaw, and M.J. Lira, whom Plaintiff collectively accuse poisoned him on two different occasions. *Id*. at pp. 5-6.

On September 3, 2009, the Clerk of the Court filed Plaintiff's Amended Complaint. Dkt. No. 5. In an Order, dated October 28, 2009, Judge Scullin embarked on another review to determine the adequacy of the new pleading. Dkt. No. 6. Judge Scullin noted that many of the Defendants whom he had previously dismissed were not included in the Amended Complaint. *Id*. at p. 4. As for the remaining Defendants, the Court found that Plaintiff failed to state a claim upon which relief could be granted. *Id*. at pp. 4-6. Peculiarly, the claims which passed initial review in the original Complaint were omitted from the Amended Complaint. In light of the questionable strength of the remaining claim in the Amended Complaint, Judge Scullin struck the Amended Complaint, reinstated the

original Complaint, and directed service on the five remaining Defendants. *Id*. at pp. 6-7.

Those five Defendants now move for dismissal of the Complaint. Dkt. No. 12. Though we are initially asked to assess the viability of the Complaint under a Rule 12(b)(6) standard, we note that the crux of Defendants' Motion is with regard to Plaintiff's IFP status, thus, we tackle that issue first.

### B. 28 U.S.C. § 1915

Under 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis* (IFP). 28 U.S.C. § 1915(a)(1). The IFP statute enables prisoners to apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits have taken advantage of such opportunity. *Id*. at § 1915(a)(2)(B). Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996, which renders several restrictions on a prisoner's ability to exploit the justice system. One such mechanism is the so-called "three-strike rule" which bars inmates from proceeding IFP after three or more previous claims, where the prisoner was granted IFP status, have been dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id*. at § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

3

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense. *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales,* 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

### C. Conseillant's Three Strikes

Defendants assert that Plaintiff has accrued more than three strikes and they have directed the Court's attention to several orders of dismissal entered against Plaintiff in previous lawsuits. We consider the following three cases in which Plaintiff's claims were dismissed after he was granted IFP status.

In *Conseillant v. Contiguglia*, 6:00-CV-841 (N.D.N.Y. Aug. 14, 2000), the Honorable Norman A. Mordue, now-Chief United States District Court Judge, dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief. Dkt. No. 12-2, Richard Lombardo, Esq., Decl., dated Feb. 25, 2010, Ex. A, Dkt. Rep. & Decision & Order, dated Aug. 14, 2000. Specifically, the only defendant name in that action was a judge whom Judge Mordue noted enjoys "***absolute immunity*** from personal liability for 'acts committed within their judicial jurisdiction.'" Lombardo Decl., Ex. A at p. 6 (emphasis in original) (citations omitted). Because the conduct complained of in the complaint clearly related to a judicial proceeding involving Plaintiff over which the immune defendant presided, and because many of the allegations in the complaint were patently frivolous, Judge Mordue dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at pp. 8-9. Because that claim was dismissed on these bases, it counts as a strike under § 1915(g).

In *Conseillant v. Bailey*, 1:01-CV-4518 (S.D.N.Y. Aug. 29, 2001), Plaintiff's complaint was dismissed for failure to state a claim upon which relief could be granted. Lombardo Decl., Ex. B, Dkt. Rep. & Decision and Order, dated Aug. 29, 2001. In that case, Plaintiff had been directed to file an amended complaint to avoid dismissal of the action. Plaintiff complied and submitted an amended complaint alleging the sole-named defendant used excessive force against him while he was incarcerated at Rikers Island Correctional Facility. Lombardo Decl., Ex. B at pp.6-8. Upon reviewing the amended complaint, the Honorable Michael B. Mukasey, then-Chief United States District Judge, noted that Plaintiff failed to set forth allegations that fulfill the objective and subjective prongs of his Eighth Amendment claim. *Id*. Chief Judge Mukasey dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and certified that any appeal would not be taken in good faith. *Id* at p. 8. Accordingly, this counts as a second strike.

Finally, in *Conseillant v. Contigulia*, 9:09-CV-0311 (N.D.N.Y. July 20, 2009), Plaintiff sued various defendants, including Judge Robert A. Contiguglia, who, as explained above, had already been dismissed from an earlier lawsuit because of his absolute immunity. In a Decision and Order, dated April 8, 2009, the Honorable Thomas J. McAvoy, Senior United States District Judge, dismissed Judge Contiguglia from the lawsuit, pursuant to 28 U.S.C. § 1915(e), on the basis of absolute immunity. Civ. Case No. 9:09-CV-0311, Dkt. No. 4 at pp. 3 & 5. As for the other defendants, Judge McAvoy determined that Plaintiff failed to state a claim upon which relief could be granted and allowed one opportunity for Plaintiff to submit an amended complaint. *Id*. at p. 5.

Thereafter, Plaintiff submitted an unsigned amended complaint wherein he omitted some defendants and named an additional twenty-four defendants. Upon reviewing the amended complaint, Judge McAvoy determined that the plaintiff failed to comply with is previous order and has not

5

alleged sufficient facts to state a claim for which relief may be granted, rendering the pleading subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b). Lombardo Decl., Ex. E at pp. 8-10. Therefore, this action constitutes a third strike against Plaintiff.

### D. IFP Status

The Second Circuit has held that the ability to proceed under IFP status is a "congressionally created benefit," not a right. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)). Where the court initially approves an IFP application, then subsequently determines or learns that a plaintiff has been barred from IFP status due to the three strikes rule, the court may properly revoke IFP status. *Id.* at 155; *see also Avent v. Fisher*, 2008 WL 5000041, at *2 (N.D.N.Y. Nov. 20, 2008) ("[A] federal district court has the authority to rescind, revoke, and/or vacate the *in forma pauperis* status that is has previously bestowed upon a plaintiff, if the court discovers that the status had been improvidently granted.") (citations omitted). Once a prisoner's IFP status has been revoked, any future IFP cases may be dismissed pursuant to § 1915(g), unless they meet the "imminent danger" exception. *See Avent v. Fisher*, 2008 WL 5000041, at *2 ("It is well established that the power of a federal district court to invoke this rule is not limited to the outset of a litigation but extends all throughout the pendency of the proceeding."). Thus, absent applicability of the imminent danger exception, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and may properly be required to prepay in full the applicable filing fee in order to pursue his claims notwithstanding that IFP status was previously conferred. *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247-48 (E.D.N.Y. 1998).

An inmate who claims the benefit of the imminent danger exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The

6

imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger). Nowhere in his response to Defendants' Motion does Plaintiff assert he is in imminent physical danger. Nor, for that matter, can we glean any such danger from his bare-bones Complaint. While Plaintiff asserts he was poisoned by various Defendants, he fails to provide any meaningful facts that would aid this Court in assessing the level of threat he may currently face. The only information provided by Plaintiff is the alleged dates he was poisoned, December 31, 2007 and January 4, 2008. Dkt. No. 1, Compl. at p. 8. These dates are far too remote from the present day for us to glean any real danger facing Plaintiff. Given his failure to expound upon this exception in his Response, we find that Plaintiff is not in any imminent danger.

Accordingly, we recommend that Plaintiff's IFP status be revoked and Plaintiff should be required to submit the $350.00 filing fee in full within thirty (30) days from the date of this Order. We further recommend that this action be conditionally dismissed until such time as Plaintiff has paid the full filing fee.[1]

## II. CONCLUSION

Because prior to bringing the within action, Plaintiff had accumulated three strikes, his IFP status must be revoked. Thus, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 12) be **conditionally granted** and Plaintiff's IFP status be **revoked** because Plaintiff has brought, on three or more

---

[1] In light of this recommendation, we don't feel it necessary at this moment to embark on another review of the merits of Plaintiff's Complaint, which may or may not replicate the initial reviews performed by Judge Scullin. In the event Plaintiff submits the full filing fee, the Clerk shall be directed to reinstate the Defendants' Motion to Dismsis (Dkt. No. 12) and return this file to the Court so that we may provide a recommendation as to the underlying merits of the action.

occasions, actions which have been dismissed under 28 U.S.C. § 1915(e), and because he has not alleged in this action that he is in imminent danger of serious physical injury; and it is further

**RECOMMENDED,** that Plaintiff's Complaint (Dkt. No. 1) be **conditionally dismissed** until such time as Plaintiff has payed the entire $350.00 filing fee; and it is further

**ORDERED**, that if the above recommendations are accepted and in the event Plaintiff submits the full filing fee, the Clerk of the Court shall reinstate Defendants' Motion to Dismiss (Dkt. No. 12) and return this matter to the undersigned so that we may make a recommendation on the underlying merits of the action; and it

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

Dated:  May 20, 2010
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge