UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

F.D. CONSEILLANT,

                                                    **Plaintiff,**

                    v.                                            9:09-CV-906
                                                                    (FJS/RFT)

**M. J. LIRA, D.S.P., Upstate Correctional Facility;**
**C.O. SMITH; C.O. GOKEY; C.O. COMPO; and**
**C.O. ASHLAW,**

                                                   **Defendants.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**F.D. CONSEILLANT**
**98-A-2204**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                  **RICHARD LOMBARDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Treece's May 20, 2010 Report-Recommendation and Order, *see* Dkt. No. 24, and Plaintiff's objections thereto, *see* Dkt. No. 25. After carefully reviewing Plaintiff's litigation history, Magistrate Judge Treece recommended, among other things, that this Court revoke Plaintiff's IFP status "because Plaintiff has brought, on

three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(e), and because he has not alleged in this action that he is in imminent danger of serious physical injury . . . ." *See* Dkt. No. 24 at 7-8.[1] He also recommended that the Court conditionally grant Defendants' motion to dismiss Plaintiff's complaint until such time as Plaintiff paid the entire $350.00 filing fee. *See id.* at 8.

In his objections to these recommendations, Plaintiff stated only that he objected to Magistrate Judge Treece's recommendations and that he was preserving his rights to appeal. *See* Dkt. No. 25 at 1. In support of these objections, he attached a "Law Library Memo," dated May 25, 2010, that is addressed to "All S.H.U. Inmates" and states that "[t]he Computers are down and we are not able to fill any computer related requests. Please resubmit your request. We are sorry for any inconvenience." *See id.* at 2. The only other correspondence that the Court has received from Plaintiff is a letter in which Plaintiff stated that he had filed a written objection for this Court to review and asked the Clerk of the Court to advise him of the status of his case, *see* Dkt. No. 26, and a letter in which Plaintiff stated that his demand was $100,000,000.00 not $1,000,000.00 and asked the Clerk of the Court to "fix it," *see* Dkt. No. 27. In response to the first letter, the Clerk of the Court provided Plaintiff with a copy of the docket sheet; and, in response to the second letter, the Clerk of the Court made the requested change on the docket regarding the demand.

When a party does not file any specific objections to a magistrate judge's

---

[1] Magistrate Judge Treece concluded that the dismissals in the following three cases counted as a strike under § 1915(g): *Conseillant v. Continuglia*, 6:00-CV-841 (N.D.N.Y. Aug. 14, 2000); *Conseillant v. Bailey*, 1:01-CV-4518 (S.D.N.Y. Aug. 29, 2001); *Conseillant v. Contigulia*, 9:09-CV-0311 (N.D.N.Y. July 20, 2009).

recommendations, the district court reviews those recommendations for clear error. *See Davila v. Bradt*, No. 08 Civ. 3227, *1 (S.D.N.Y. Feb. 17, 2011) ("'To the extent . . . that the party makes only conclusory or general arguments, . . ., the Court will review the Report strictly for clear error.'" (quotation and other citation omitted)). Reading Plaintiff's objections liberally, it appears that he is attempting to inform the Court that he could not file any objections to Magistrate Judge Treece's recommendations because the computers were not working. However, Plaintiff does not state why he needed computer services to respond to Magistrate Judge Treece's recommendations, which were premised on the fact that, in three separate cases, courts had dismissed Plaintiff's claims under circumstances in which those dismissals counted as strikes for purposes of § 1915. Since all of the cases to which Magistrate Judge Treece referred are Plaintiff's cases, Plaintiff is certainly aware of those cases and the circumstances of their dismissal. Furthermore, Plaintiff did not, either in his objections or in any subsequent correspondence, ask for an extension of time in which to file any further objections.

The Court has reviewed the cases that Magistrate Judge Treece cited and concludes, as he did, that the dismissals in those cases count as strikes and that, therefore, if Plaintiff wants to proceed with this action, he must pay the entire $350.00 filing fee. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's May 20, 2010 Report-Recommendation and Order is **ACCEPTED**; and the Court further

**ORDERS** that Plaintiff's IFP status is **REVOKED**; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Order, Plaintiff must submit the entire **$350.00** filing fee to the Clerk of the Court if he wishes to proceed with this action; and

the Court further

**ORDERS** that, if Plaintiff does not submit the entire $350 filing fee to the Clerk of the Court within thirty (30) days of the date of this Order, the Court will grant Defendants' motion to dismiss; and the Court further

**ORDERS** that, if Plaintiff submits the entire $350.00 filing fee to the Clerk of the Court within thirty (30) days of the date of this Order, the Clerk of the Court shall return the entire file in this case to Magistrate Judge Treece so that he may consider the underlying merits of this action and make a recommendation about the disposition of Defendants' pending motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 28, 2011
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge